UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.R.K., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. 4:13-cv-01653 |
| v ) | |
| ) | |
| JAMES DANIEL STORZ SR., et. al. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS HILLSBORO R-3 SCHOOL DISTRICT AND N. ST. FRANCOIS R-1 SCHOOL DISTRICTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED PETITION**

COME NOW, Defendants, Hillsboro R-3 School District and St. Francois R-1 School District and respectfully submit this memorandum in support of their Rule 12(b)(6) Motion to Dismiss Counts IV and V of Plaintiffs' Second Amended Petition as follows:

**Introduction**

Plaintiff A.R.K. alleges that she was sexually abused by Defendant Daniel Storz beginning when she was thirteen (13). (Plaintiff's Pet., ¶ 3). Plaintiff further claims that while she was a student attending Hillsboro High School and North County High School she allegedly related the abuse by Storz to school counselors. (Plaintiff's Pet., Count IV, ¶ 2). On August 30, 2012, Plaintiff filed suit against James Storz and Rose Storz. On or about May 6, 2013, Plaintiff filed an amended petition adding Hillsboro R-3 School District and St. Francois R-1 School District as named defendants. Neither the superintendent nor the principal for Hillsboro R-3 School District and St. Francois R-1 School District has been properly named and served. Defendants filed a Motion to Dismiss as their responsive pleading in state court, but before that

1

motion was heard, Plaintiff amended her Petition to include Count V attempting to state a claim under 42 U.S.C. §1983.  Defendants subsequently removed the case to this Court.

Count IV of Plaintiff's Second Amended Petition purports to set forth a claim for "Negligence" against the named School Districts.  As set forth below, the School Districts (including their employees) are entitled to sovereign immunity with respect to the negligence-based claims asserted herein.  Moreover, Plaintiff fails to allege that a state actor violated her constitutional rights or that policy or custom of the school district is responsible for the alleged constitutional violation, and Plaintiff therefore fails to state a claim in Count V.  Accordingly, Defendants Hillsboro R-3 School District and St. Francois R-1 School District must be dismissed from the lawsuit pursuant to Rule 12(b)(6).

## LAW AND ARGUMENT

### A. Legal Standard

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for a motion to dismiss on the basis of "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To withstand a motion under Rule 12(b)(6), a complaint must plead sufficient facts to state a claim to relief that is plausible on its face.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 577, (2007).

### B. Plaintiff's Negligence Claim Against the School District Defendants Are Barred by the Doctrine of Sovereign Immunity

Plaintiff's tort claims are barred by the doctrine of sovereign immunity as a matter of law.  Under Missouri law, public entities are entitled to sovereign immunity with the exception of claim injuries arising from motor vehicle accidents and claimed injuries arising from dangerous conditions of the public entity's property.  *Edwards v. McNeill*, 894 S.W.2d 678, 682 (Mo. Ct.

App. 1995); *See also* Mo.Rev.Stat. § 537.600.  Hence, unless the claim against a public entity is for injuries resulting from an automobile accident or the condition of an entity's property, sovereign immunity applies.  *State ex rel. Cass Med. Ctr. v. Mason*, 796 S.W.2d 621, 622 (Mo. banc 1990).  Missouri public school districts are considered public entities for sovereign immunity purposes and are therefore immune from liability in tort.  *Spearman v. University City Public School Dist.*, 617 S.W.2d 68, 71 (Mo. banc 1982).

It is beyond dispute that the allegations set forth in Plaintiff's Second Amended Petition do not fall under the dangerous condition of property exception or the motor vehicle accident exception.  (*See* Plaintiff's Petition).  Accordingly, sovereign immunity bars Plaintiff's stated claim in Count IV of her Second Amended Petition.

### C. **Even if Plaintiff had Formerly Named the Individual Employees of the Districts, Sovereign Immunity Would Nevertheless Bar her Claim.**

Plaintiff has named and served only two "school-related" defendants in this case: Hillsboro R-3 School District and St. Francois R-1 School District.  While Count IV of her Petition refers to each District's Superintendent and High School Principal, even if Plaintiff had named and served the principal or superintendent of the School District Defendants, the sovereign immunity doctrine would still bar the claims.  Sovereign immunity protection extends to employees sued in their official capacities since such suits are essentially direct claims against the state.  *Taylor v. St. Louis County Board of Election Commissioners*, 2008 WL 250367, * 2 (E.D. Mo. 2008) *citing Betts-Lucas v. Hartmann*, 87 S.W.3d 310, 327 (Mo. App. 2002).  Accordingly, even if Plaintiff had properly named and served the superintendent and principal of

3

Hillsboro R-3 School District and St. Francois R-1 School District, any such claim would be barred under the doctrine of sovereign immunity.[1]

### D. **Plaintiff fails to state a claim under 42 U.S.C. §1983**

In Count V of her Second Amended Petition, Plaintiff makes the conclusory allegation that the School District Defendants "violated plaintiff [sic] constitutional rights to not be raped sexually assaulted, harassed and stalked and to be protected under the laws of the State of Missouri from offenses against her body and person and accordingly defendants and each of them have violated plaintiffs constitutional rights in violation of 42 USC Section 1983." (See Plaintiff's Second Amended Petition, Count V, ¶4). Plaintiff makes the allegation not only against the named School District Defendants but also purports to make a claim against each School District's superintendent and the high schools' principals, although these individuals have not actually been named in the lawsuit nor have they been served.

Plaintiff's Second Amended Petition does not set forth a valid claim under § 1983 because it does not show that either School District Defendant is directly responsible for any alleged constitutional violation or that a policy or custom of the school district is directly responsible for the alleged constitutional violation. Moreover, Plaintiff cannot use §1983 as a substitute for respondeat superior liability to state a claim against the School Districts for actions of their employees.

In order to prevail under § 1983, plaintiff must prove: "1) a violation of a constitutional right; 2) committed by a state actor; 3) who acted with the requisite culpability and causation to violate the constitutional rights." *McCray v. Francis Howell Sch. Dist., et al.,* No.

---

[1] Again, while Plaintiff has not properly named or served any Principal or Superintendent of the Districts, to the extent Plaintiff's Petition could be construed as purporting to state a claim for negligence against the District employees, Missouri's doctrine of official immunity would also bar any such claim. *See Boever v. Special School District of St. Louis*, 296 S.W.3d 487, 492 (Mo. App. E.D. 2009).

4:08CV1178CDP, 2009 WL 1774319, at *4 (E.D. Mo. June 23, 2009) *citing Shrum v. Kluck*, 249 F.3d 773, 777 (8th Cir. 2001).  Respondeat superior liability does not apply in § 1983 suits. *Id.*  That is, in order to establish liability, plaintiff must show that defendant was personally involved in or directly responsible for the incidents that injured plaintiff.  *Id.*  Accordingly, in order to state a claim against a school district, a plaintiff *must* allege that a policy or custom of the school district is responsible for the alleged constitutional violation.  *Id.* (emphasis added).  If the plaintiff fails to do so, there is no valid cause of action against the school district as a matter of law.  *Id.* at *5.

In *McCray v. Francis Howell School District, et al.,* plaintiffs alleged that defendant Francis Howell School District violated plaintiff's civil rights when she was detained based on allegations that she sold marijuana to another student at school.  *McCray v. Francis Howell Sch. Dist., et al.,* No. 4:08CV1178CDP, 2009 WL 1774319, at *1 (E.D. Mo. June 23, 2009). Plaintiffs claimed that the School District allowed the student to be removed from school, did nothing to prevent school employees from holding her in a room, and did not promptly send legal documents to the courts.  *Id.* at *4. The School District moved to dismiss, claiming plaintiffs' complaint was deficient and failed to state a claim upon which relief can be granted. *Id.*  This Court noted that in order to state a claim against the School District, plaintiffs needed to allege that a policy or custom of the School District was responsible for the alleged constitutional violation.  *Id*.  Because the plaintiffs' complaint in *McCray* did not contain any allegations that a policy or custom of the School District was responsible for the alleged violations of the student's constitutional rights, the Court found that no valid cause of action was stated against the District. *Id.*

Like the complaint in *McCray*, here Plaintiff has not alleged any policy or custom of the School District that was responsible for an alleged constitutional violation. (*See* Plaintiff's Second Amended Petition, Count V). Instead, Plaintiff sets forth nothing more than a conclusory allegation that the "actions of defendants as of foresaid violated plaintiff [sic] constitutional rights not to be raped, sexually assaulted, harassed and stalked…" See Plaintiff's Second Amended Petition, Count V, ¶4). However, just as in *McCray*, Plaintiff's Petition does not contain any allegations that a District policy or custom was responsible for the alleged violations of Plaintiff's rights. (See Plaintiff's Petition, Count V). Here, Plaintiff alleges only that "defendants acts and omissions as aforesaid were initial [sic] and not negligent." (See Plaintiff's Petition, Count V, ¶2). Because Plaintiff cannot show that a district policy or custom was responsible for an alleged constitutional violation, the petition does not state a valid claim for relief under § 1983. Accordingly, Count V must be dismissed.

## **CONCLUSION**

Count IV of Plaintiff's Second Amended Petition directed to Hillsboro R-3 School District and St. Francois R-1 School District does not state a valid claim as a matter of law. Moreover, Hillsboro R-3 School District and St. Francois R-1 School District, including their respective principals and superintendents, are immune from suit. The School District Defendants cannot be held liable under §1983 because the alleged violations were not committed by state actors and there is no allegation of a policy or custom of the School District Defendants that is responsible for the alleged constitutional violations. Counts IV and V of Plaintiff's Second Amended Petition must be dismissed with prejudice pursuant to Rule 12(b)(6).

HEPLERBROOM LLC

By: __/s/ Justin L. Assouad_____
GERARD T. NOCE           #MO27636
gtn@heplerbroom.com
JUSTIN L. ASSOUAD        #MO48576
jla@heplerbroom.com
211 N. Broadway
Suite 2700
St. Louis, MO  63102
314/241-6160
314/241-6116 – Facsimile
*Attorneys for Defendants*

**PROOF OF SERVICE**

I hereby certify that I electronically filed on this 21st day of August, 2013, the foregoing with the Clerk of the Court using the CM/ECF system and will serve the following attorneys via U.S. Mail, postage prepaid:

Mr. Bob Kister
Bob Kister Trial Lawyer LLC
1349 McNutt Road
P.O. Box 156
Herculaneum, MO 63048
(636) 931-4459
(636) 937-2435 FAX
*Attorney for Plaintiff*

Mr. James Storz, Sr.
Mrs. Rose Storz
164 County Road 810
Gamalie, AR 72537
*Pro Se Defendants*

        _/s/  Justin L. Assouad_____

7