UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| A.R.K., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13-CV-1653 (CEJ) |
| ) | |
| JAMES DANIEL STORZ, SR., et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of the Hillsboro R-3 School District and the St. Francois R-1 School District (the school district defendants) to dismiss plaintiff's second amended complaint for failure to state a claim. Also before the Court is plaintiff's motion for leave to file a third amended complaint and join a party defendant. All issues are fully briefed.

I. **Background**

In the second amended complaint, plaintiff A.R.K. alleges that while she was a student in the defendant school districts, she reported to school counselors that she was being sexually abused by her parents. Plaintiff alleges that the counselors failed to report the abuse to the Missouri Division of Social Services as required by state law. She alleges that defendants Sheldon Smith and Terry W. Gibbons, superintendents of the school districts, and Sherri Snider and Ronald McCutcheon, principals of the high schools plaintiff attended, failed to adequately train staff members to report child abuse to the Division of Social Services. Plaintiff seeks leave to file a third amended complaint for the sole purpose of identifying Teresa Zielonko as the Hillsboro High School counselor to whom she first reported the abuse and joining her as a defendant.

Plaintiff initiated suit in the Twenty-Third Judicial Circuit (Jefferson County), bringing personal injury claims against James and Rose Storz. On July 22, 2013, plaintiff amended her petition to add a claim that the school district defendants violated 42 U.S.C. § 1983. Id. at 125-29. On August 21, 2013, the school districts removed the matter pursuant to the Court's federal-question jurisdiction under 28 U.S.C. § 1331.

## II. Legal Standards

The purpose of a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is to test the legal sufficiency of the complaint. The factual allegations of a complaint are assumed true and construed in favor of the plaintiff, "even if it strikes a savvy judge that actual proof of those facts is improbable." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007) (citing Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002)); Neitzke v. Williams, 490 U.S. 319, 327 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely"). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to present evidence in support of his claim. Id. A viable complaint must include "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp., 550 U.S. at 570. See also id. at 563 ("no set of facts" language in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), "has earned its retirement.") "Factual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

Under Rule 15(a), a court "should freely give leave [to amend a pleading] when justice so requires." Despite this liberal standard, "parties do not have an absolute

right to amend their pleadings." Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 715 (8th Cir. 2008). A district court appropriately denies leave to amend on the basis of futility if the proposed amendment would not survive a motion to dismiss under Rule 12(b)(6). Zutz v. Nelson, 601 F.3d 842, 850 (8th Cir. 2010).

### III. Discussion

#### A. Negligence Claim (Count IV)

Plaintiff alleges that defendants were negligent in that they "failed to establish policy [sic] and procedures and failed to adequately train their staff and personnel so as to cause plaintiff's reports of abuse and sexual abuse to be reported to the Children's Division of Family Services."

In Missouri, a public entity has sovereign immunity from common law tort actions, except where a plaintiff's injury arises from a motor vehicle accident or a dangerous condition of the public entity's property or where the public entity has purchased liability insurance. § 537.600.1, Mo.Rev.Stat. Plaintiff concedes that the school district defendants are entitled to sovereign immunity with respect to her negligence claims. Therefore, Count IV will be dismissed with respect to these defendants.

Count IV also asserts negligence claims against the school districts' superintendents and principals, but plaintiff does not specify whether suit is brought against them in their individual or official capacity. To the extent that Count IV is brought against the school district employees in their official capacity, they are entitled to immunity. "Sovereign immunity, if not waived, bars suits against employees in their official capacity, as such suits are essentially direct claims against the state." B.A.B., Jr. v. Bd. of Educ. of City of St. Louis, 698 F.3d 1037, 1041 (8th Cir. 2012) (quoting Betts–Lucas v. Hartmann, 87 S.W.3d 310, 327 (Mo. Ct. App. 2002)).

"A suit against a government employee in her official capacity is equivalent to a suit against the government entity itself, and sovereign immunity therefore also applies with equal force in the context of official capacity claims." Id. (citation omitted). Plaintiff's negligence claims against the individual defendants in their official capacity must be dismissed.

In Count IV of the proposed third amended complaint, plaintiff purports to proceed against the school districts' employees "individually," by which the Court assumes plaintiff means to name these defendants in their individual capacity. Defendants argue that the doctrine of official immunity bars claims against the defendants in their individual capacity.

> Missouri state law provides official immunity to public officials acting within the scope of their authority "for injuries arising from their discretionary acts or omissions," but not for "torts committed when acting in a ministerial capacity." State ex rel. Hill v. Baldridge, 186 S.W.3d 258, 259 (Mo. 2006) (per curiam). Discretionary acts require "the exercise of reason in the adaption of means to an end, and discretion in determining how or whether an act should be done or a course pursued." Rustici v. Weidemeyer, 673 S.W.2d 762, 769 (Mo. 1984) (citation omitted). In contrast, ministerial acts are "of a clerical nature which a public officer is required to perform upon a given state of facts, in a prescribed manner, in obedience to the mandate of legal authority, without regard to his own judgment or opinion concerning the propriety of the act to be performed." Id. (citation omitted).

Hutson v. Walker, 688 F.3d 477, 485 (8th Cir. 2012).

Plaintiff alleges that defendants failed to report her abuse as required by Missouri's child-abuse reporting statute, § 210.115. The statute provides in relevant part:

> When any . . . teacher, principal or other school official, . . . or other person with responsibility for the care of children has <u>reasonable cause to suspect</u> that a child has been or may be subjected to abuse or neglect . . . that person shall immediately report to the division in accordance with the provisions of sections 210.109 to 210.183.

Mo. Ann. Stat. § 210.115.1 (emphasis added). The statute itself does not create a private right of action. Bradley v. Ray, 904 S.W.2d 302, 314 (Mo. Ct. App. 1995).

The statute requires school officials to make a report only where there is "reasonable cause" to suspect child abuse. This requirement calls for the exercise of professional judgment and is thus discretionary, not ministerial. Jane Doe A v. Special Sch. Dist. of St. Louis County, 637 F. Supp. 1138, 1148 (E.D. Mo. 1986); see also K.B. v. Waddle, 2:12 CV 48 RWS, 2013 WL 4502347, at *5 (E.D. Mo. Aug. 22, 2013) (child-abuse reporting statute does not create a ministerial duty). Plaintiff's attempt in her proposed amended complaint to bring negligence claims against the individual defendants in their individual capacity is barred by official immunity and her proposed amendment to Count IV is futile.

In summary, the doctrine of sovereign immunity bars plaintiff's negligence claim as to the school districts and the individual defendants in their official capacity. The doctrine of official immunity bars plaintiff's negligence claims against the individual defendants in their individual capacity. The proposed third amended complaint does not cure these deficiencies and leave to amend will be denied as to Count IV.

### B.     42 U.S.C. § 1983 Claim (Count V)

In Count V of her second amended complaint, plaintiff alleges that the defendants violated her "constitutional rights to not be raped, sexually assaulted, harassed and stalked and to be protected under the laws of the State of Missouri from offenses against her body and person." To state a claim under 42 U.S.C § 1983, plaintiff must allege (1) the violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right. Shrum ex rel. Kelly v. Kluck, 249 F.3d 773, 777 (8th Cir. 2001)

(citing Board of County Commissioners of Bryan County, Oklahoma v. Brown, 520 U.S. 397, 403-04 (1997)).

To state a claim under § 1983 against the school districts (as opposed to an individual), plaintiff must allege that a policy or custom of the school district is responsible for the alleged constitutional violation. McCray v. Francis Howell Sch. Dist., 4:08CV1178 CDP, 2009 WL 1774319, at *4 (E.D. Mo. June 23, 2009) (citing Monell v. Dep't of Social Services, 436 U.S. 658, 690–91 (1978)). There is no dispute that plaintiff omitted the required allegations from Count V in her second amended complaint and that count must be dismissed with respect to the school districts.

In her proposed amended third complaint, plaintiff appears to respond to this deficiency in her pleadings by asserting in Count IV --- which does not assert a claim under § 1983 --- an allegation that the defendants showed deliberate indifference by "establishing a policy and/or custom of disbelieving reports of rape and sexual abuse." However, in the same paragraph plaintiff alleges that the defendants were "grossly negligent," which is not sufficient to state a claim under § 1983. In her proposed amendment to Count V, plaintiff does assert, though in conclusory fashion, that the defendants violated her constitutional rights in violation of § 1983, but does not state that the violations arose from a custom or policy. Counts IV and V of the proposed third amended complaint do not state a claim for relief against the school districts and thus amendment would be futile.

Plaintiff's § 1983 claims against the individual defendants also fail. The defendants' alleged failure to report the suspected abuse, as required by the Missouri state statute, does not amount to "unconstitutional misconduct" because violations of state law do not state a claim under 42 U.S.C. § 1983. Doe v. Gooden, 214 F.3d 952, 955 (8th Cir. 2000). "Section 1983 guards and vindicates federal rights alone."

Id. (quoting Ebmeier v. Stump, 70 F.3d 1012, 1013 (8th Cir. 1995)). See also Jane Doe A, 637 F. Supp. at 1143 ("Section 1983 does not provide a remedy for violations of duties of care arising out of tort law. Remedies for these injuries must be sought in state court under traditional tort law principles."); Nelson v. Lancaster Indep. Sch. Dist. No. 356, CIV 00-2079(JRT/RLE), 2002 WL 246755, at *8 (D. Minn. Feb. 15, 2002) (even assuming that defendant had a statutory duty to report sexual abuse, failure to comply with state statutory law does not amount to "unconstitutional misconduct" as required to state a claim under § 1983). Count V of the proposed amended complaint does not materially alter plaintiff's allegations and amendment would be futile.

Plaintiff's second amended complaint fails to state a claim for relief against the school districts and the supervisors and principals and Counts IV and V will be dismissed in their entirety. Plaintiff's proposed third amended complaint does not cure the deficiencies and the Court will deny leave to file. The remaining claims are based on state law and the second amended complaint does not establish a basis for jurisdiction based on diversity of citizenship. Thus, Court lacks jurisdiction over the remaining claims and this case will be remanded to the state court from which it was removed.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendants Hillsboro R-3 School District and St. Francois R-1 School District to dismiss plaintiff's second amended complaint [Doc. #3] is **granted**.

**IT IS FURTHER ORDERED** that Counts IV and V of plaintiff's second amended complaint are **dismissed**.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to file a third amended complaint and join a party defendant [Doc. #9] is **denied**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this matter to the Twenty-Third Judicial Circuit (Jefferson County) of Missouri from which it was removed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 17th day of December, 2013.